Stewart, J.
With reference to the second assigned error, defendant has selected a few phrases from the general charge of the court which, if taken out of context, might technically have required a slight addition, but, in context and as a part of the complete and comprehensive charge of the trial court, they could have been the basis of no possible error prejudicial to the defendant.
With reference to the fourth assigned error, the admission of evidence as to other offenses committed by the defendant was entirely brought on by evidence elicited by counsel for the defendant, and there was no prejudicial error in such admission.
With reference to the fifth assigned error, we have fully examined the arguments of the state and not only do not find them of an improper nature — although perhaps a bit zealous— but we find that at no place did counsel for the defendant make any objection to such arguments.
The really important claim of error in the present case presents a question which was the motivating reason for the certification of this 'cause to this court.
Upon conclusion of the court’s charge, defendant’s counsel requested the court “to charge in substance that the presence or absence of a motive is a circumstance which the jury may consider in determining the guilt or innocence of the defendant.” This the court declined to do, and the query is, was the court in error in not so charging, and, if so, was the error prejudicial1?
There can be no question that evidence of motive in murder cases is always relevant and material. The presence or absence of a motive upon the part of one accused of murder may always be considered by the jury, together with all other evi *397 deuce and circumstances, upon the question of whether the accused is guilty. However, as this court said in the case of Fabian v. State, 97 Ohio St., 184, 119 N. E., 410, “the proof of motive is not essential to a conviction of the crime of homicide.”
In the opinion in the Fabian case, it is stated:
“Motive is not an element of the crime of homicide required to be established to warrant a conviction. Proof of motive does not establish guilt, nor want of proof of motive establish innocence. If the guilt of the accused be shown beyond a reasonable doubt, it is immaterial what the motive for the crime, or whether any motive be shown. In doubtful cases the element of motive may be quite material in the determination of the guilt or innocence of the accused. But where the evidence is direct, and is so clear and convincing, and so thoroughly and completely establishes the guilt of the accused as does the evidence in this case, a verdict of not guilty on the ground that the jury could find no motive for the commission of the crime would be an absurdity.”
Apparently the authorities are divided as to whether a trial court is required to charge upon the question of motive in a murder case. It is stated as follows in 41 Corpus Juris Secundum, 135, Section 359:
“Where there is evidence as to the existence or absence of a motive for the crime, the court may and should fully and clearly instruct the jury as to their right and duty to consider facts in evidence which tend to show the presence or absence of a motive for the offense charged, as a circumstance in determining the guilt or innocence of accused, and, where there is such evidence, it is error to refuse such an instruction, or to give an instruction which takes from the jury the right to consider such motive or the absence thereof.
“While some cases have held, without regard to, or mention of, the state of the evidence, that an instruction, that failure of the evidence to establish or prove any motive for the crime is a circumstance in favor of accused to be considered with the other facts in the case, need not be given even though requested, others have held that where there is evidence to support such instruction the court should charge that the absence of a probable motive is a circumstance favorable to accused, or *398 at least a circumstance to be considered in weighing the evidence of guilt, some even holding that, where there is no evidence of motive, it is prejudicial error to refuse to give such an instruction.
“Where, however, the offense is admitted or clearly established, the court may charge that it is not necessary to prove a motive, and may refuse a request to instruct to the contrary.
“Where the intent which moved accused to the killing has been shown, it is not material that the jury be instructed as to the motive.”
In our opinion, in a murder case, where the evidence is circumstantial, the identification of the killer is not shown by direct evidence, and, therefore, his identification must be proved, motive or lack thereof becomes an important question, and in such a case the trial court has a duty to instruct the jury that it should take the evidence on that question into consideration, together with all the other evidence and circumstances, in determining the guilt or innocence of the accused. However, where there is direct evidence of a deliberate killing without provocation, and the determination of the guilt or innocence of the accused depends upon the credibility of witnesses to the act of killing, the question of motive need not be submitted to the jury. Walker v. State, 138 Ark., 517, 212 S. W., 319; Powell v. State, 67 Miss., 119, 6 So., 646; State v. Gregory, 178 Mo., 48, 76 S. W., 970.
In the present case, if the jury believed that the daughter of the deceased was an eyewitness to the killing and believed her narration concerning it, there is no question that the defendant could be found guilty of murder, without regard to any question of motive. On the other hand, if the jury believed the narration of defendant that the deceased’s death occurred as the result of an accident, he could be found not guilty. Under such circumstances, the determination of the guilt or innocence of the defendant depended entirely upon the credibility of the direct witnesses to the killing, and it was not essential that the court make any charge to the jury with reference to motive.
Motive need not be based solely on hope of material gain. Frequently, jealousy, disappointment and mortification constitute very strong motives for the commission of a murder, *399 and those motives are apparent in every feature of the case before us, if the evidence of the state is to be believed as it apparently was by the jury. Therefore, a charge on motive, such as requested by defendant’s counsel, could have only injuriously affected the defendant, and, assuredly, it was not prejudicial to him for the court to have refused it.
Because of the serious situation which this cause presents, we have carefully and seriously examined all the claimed errors and have come to the conclusion that the defendant had a fair and impartial trial, and that nothing occurred therein which warrants this court to reverse the judgment below.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias and Bell, JJ., concur.
Taft, J., concurs in the syllabus, except as to paragraph four thereof, and in the judgment.
Herbert, J., concurs except as to paragraph three of the syllabus.
Taft, J., concurs in the syllabus, except as to paragraph four, and concurs in the judgment for the reason that the failure to charge on motive, as defendant requested, was not prejudicial error in the instant case.